FILED _____ LODGED
_____ RECEIVED

SEP 3 0 2010

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

T-7898

| | |
|---|---|
| Adam Eifling (Pro-Se) | Case # **CV10 5713** RBL |
| Angela Eifling (Pro-Se) | |
| **Plaintiffs(s)** | |
| | |
| VS. | Complaint |
| | |
| 1.) National City Mortgage, | |
| a division of National City Bank | |
| 2.) PNC Mortgage, | |
| a division of PNC Bank, N.A. | 10-CV-05713-CMP |
| 3.) Kondaur Capital Corporation, | |
| **Defendant(s)** | |

### PARTIES TO THIS COMPLAINT:

**Plaintiffs(s): Name, Address and Phone Number**

Adam Eifling (Pro-Se) and Angela Eifling (Pro-Se):

Address: 5622 Old Stump Dr NW Gig Harbor, WA, 98332 Phone # 253-549-8300

**Defendant(s): Name, Address and Phone Number**

1.) National City Mortgage, a division of National City Bank

Mailing Address: P.O. Box 1024 Dayton, OH 45401-1024 Phone # 800-822-5626

Physical Address: 3232 Newmark Drive, Miamisburg, OH, 45342

1

**2.)** PNC Mortgage, a division of PNC Bank N.A.

<u>Mailing Address</u>: P.O. Box 1024 Dayton, OH 45401-1024 Phone # 800-822-5626

Physical Address: 3232 Newmark Drive, Miamisburg, OH, 45342

**3.)** Kondaur Capital Corporation

<u>Mailing Address</u>: One City Boulevard West, Suite 1900, Orange, CA 92868

Physical Address: Same

## PLAINTIFFS COMPLAINT AND PRAYER FOR RESOLUTION

**NOW COME PLAINTIFFS** Adam Eifling and Angela Eifling, acting PRO-SE, here-by sue Defendant in Federal Court for violation of Federal laws under the Fair Debt Collection Practices Act 15.U.S.C. 1692 and the Real Estate Settlement Procedures Act, Section 6 and Section 3500.21(e) RESPA. And with the grace of this Honorable Court, will portray for the Court the events in a chronological sequence that will enable the Court to understand the Plaintiff's reason for bringing this action. The Plaintiffs apologize to the Court for the lengthy events, but feel that in order to obtain a fair response from the Court, all communications between the Plaintiff and the Defendant should be brought to the attention of the Court.

## BRIEF FACTS TO DETERMINE CAUSE OF ACTION

**1.** Plaintiffs have been victimized by Defendant's actions. Certain actions although apparently illegal but were of a civil nature, thereby might cause Plaintiffs to prosecute through lower Civil Court. Plaintiffs make this Court aware of these actions in which the attempts by the Plaintiffs to resolve the issues with the owner of the note were either eliminated, discouraged, or fire-walled; the plain

2

1 fact is that Defendant did not want to resolve or negotiate.

## VIOLATIONS OF FEDERAL LAW

*"A qualified written request must ... include a statement of the reasons for the belief of the borrower that the account is in error." Walker v. Equity 1 Lenders Group, 2009 WL 1364430 *4-5 (S.D.Cal. 2009); Morilus v. Countrywide Home Loans, Inc., 2007 WL 1810676 at *3 (E.D.Pa. June 20, 2007); Harris v. Am. Gen. Fin., Inc., 2007 WL 4393818 *1 (10th Cir.2007); Pettie v. Saxon Mortg. Services, 2009 WL 1325947 *2, fn. 3 (W.D.Wash. 2009). RESPA's Section 6 and Section 3500.21(e) of RESPA's implementing regulations (Regulation X), provide that consumer inquiries would constitute QWRs when presented.*

**2.** Plaintiffs have attempted to resolve and negotiate with Defendant on numerous occasions. Due to a reduction of income, Plaintiffs attempted to enter into negotiation with Defendant and presented several potential plans to continue payment to Defendant. As a sign of good faith, Plaintiffs have continued payment to the same lender on the second mortgage as well as continuing regular property upkeep and property insurance payments. Defendant was unwilling to realistically negotiate. Plaintiffs provide proof in the form of conversation logs and incident reports (**Exhibit "I"**) to illustrate for the Court the futility of attempting to resolve without cooperation on the part of the Defendant.

**3.** Plaintiffs, by illustration and presentation of attached exhibits, make this Court aware of the basic position of both parties. The Plaintiffs' position was always in attempt to negotiate, and the Defendants, by their exhibited actions, prove their attitude and complacency in this resolve.

**4.** Defendants have violated 12 U.S.C. and Section 2605 (e) (1) (B) (ii) of the Real Estate Settlement

3

1 Procedures Act and 15 U.S.C. Section 1692 and Section 809(a) (b) which mandates that a debt
2 collector upon receipt of a "Debt Validation Letter" from a consumer MUST notify the Credit
3 Reporting Agencies of such action. Defendants have failed in this regard.

**QUALIFIED WRITTEN REQUESTS:**

a. They are submitted in writing.

b. They include, or allow the servicer to identify, the name and account of the borrower.

c. They include a statement of the reasons for the borrower's belief that the account is in error or must provide sufficient detail to the servicer about other information the borrower is seeking. (12 U.S.C. Section 2605(e) (1) (B) (ii)

5. Plaintiff attaches as **(Exhibit # 1)** copy of Qualified Written Request as evidence of conforming with requirements of (12 U.S.C. and Section 2605 (e) (1) (B) (ii).

6. Plaintiff attaches as **(Exhibit #2)** Defendants response to Qualified Written Request (QWR) which clearly reveals that Defendant has addressed the requirements of Debt Validation and inter-mixed them with what the requirements of a Qualified Written Request consist of.

7. Plaintiff has requested, as entitled to by Federal Law (1) A Qualified Written Request (QWR) and (2) A validation of the debt. Defendant has failed in both regards.

**QUESTIONABLE TRANSACTION HISTORY RELATED TO CASE**

Plaintiffs entered into a construction loan agreement with Defendant on June 7, 2009. At that time an

4

extensive number of documents were signed by the Plaintiffs. Said documents consisted of:

a. **Deed of Trust:** (Exhibit "A") Deed of Trust was signed by both Plaintiffs and properly notarized and recorded.

b. **Adjustable Rate Note:** (Exhibit "B") Signed only by Adam Eifling without notarization. Angela Eifling did not sign this note.

c. **Interest Only Addendum to Adjustable Rate Note:** (Exhibit "C") Signed only by Adam Eifling without notarization. Angela Eifling did not sign this note.

d. **Construction Perm Addendum:** (Exhibit "D") Signed only by Adam Eifling without notarization. Angela Eifling did not sign this note.

e. **Planned Unit Development Rider:** (Exhibit "E") Signed by both Plaintiffs but not notarized. Note: Angela Eifling's signature was after the fact as printed documents did not provide for her signature.

f. **Construction Permanent Rider:** (Exhibit "F") Initialed and signed by both Plaintiffs. Attention is brought to the font size of "Angela Eifling" as it is apparent that her signature was required "after the fact." Neither signature was notarized raising the question as to the validity of the document.

g. **Adjustable Rate Rider:** (Exhibit "G") Initialed and signed by both Plaintiffs. Attention is brought to the font size of "Angela Eifling" as it is apparent that her signature was

required "after the fact." Neither signature was notarized raising the question as to the validity of the document.

    h. **Loan Modification Agreement:** **(Exhibit "H")** Defendant has provided an instrument that- purportedly amends the Adjustable Rate Note **(Exhibit "B")** of which there is no record of Angela Eifling being a signatory to. The document furnished to the Plaintiff at the mortgage closing is the same document offered as **(Exhibit "H")**. Plaintiff brings the Court's attention to **Exhibit "H," article 5** in which the Defendant states that the Loan Modification Agreement that the Note and Security Instrument will remain un-changed. Without the signature of Angela Eifling and lacking notarization or the original agreement, the Defendants Loan Modification Agreement **(Exhibit "H")** is hearsay evidence.

# PLAINTIFF'S ATTEMPT TO RECONCILE AND OR MODIFY LOAN OBLIGATION

**8.** Plaintiffs bring to the Court's attention as **Exhibit "I"** a complete phone log of all conversations and incident reports with Defendant's employees and agents to illustrate to the Court the futility of attempting to negotiate in good faith. Defendant's lack of accommodation, consideration, and total lack of communication has been one of the criteria that resulted in this case being presented by Plaintiff.

**9.** Defendant by its actions are proof to this Honorable Court that competent record keeping and communication are missing. These are actions prevalent in the foreclosure arena and are intended to frustrate the average homeowner.

**10.** Plaintiff Adam Eifling is a professional mortgage broker and is very knowledgeable in the secondary market arena. This experience has motivated the Plaintiff to provide to the Court a concise, lengthy but necessary history of the actions of the Defendant by which good faith negotiations could not prevail.

**11.** Plaintiffs provide for this Court a copy of the proposed loan modification agreement (**Exhibit "J"**) offered by the Defendant in which the proposed payments would in fact be higher than the existing payment schedule. This demonstrated to Plaintiff's the simple fact that Defendant never had any intentions of attempting to modify or adjust the loan agreement.

### DEFENDANT'S HARRASSMENT OF PLAINTIFFS

**12.** Plaintiff provides for the Court a copy of the security report (**Exhibit "K"**) furnished to the Plaintiff by the Community Security Department reflecting that Defendant or its agents entered into private gated property illegally.

**13.** Defendant or its agent attempted to break and enter into Plaintiff's private residence as evidenced by photos attached.

**14.** Defendant's actions caused extreme emotional strain on Plaintiffs. The fear of someone breaking into their home became unbearable, especially after Defendant's agent deliberately deceived security guards at the main neighborhood gate to gain access to the property (please see security report, **Exhibit "K"**). They either stated they were going to a different address for a service call of some

7

type or tailgated other cars through members-only, unguarded security gates. This completely undermined the reason Plaintiffs lived in a secured community.

**15.** Defendants neither admitted nor denied Plaintiff's claim but agreed to repair all damages to Plaintiff's residence as a result of their agent's illegal activities.

## PLAINTIFF'S PRAYER FOR RESOLUTION

Wherefore: Plaintiffs beg this Honorable Court to direct Defendant to negotiate in good faith to allow Plaintiffs an opportunity to retain their life's dream. Defendant has sold the note and as a result of subject sale, Plaintiffs are un-aware of the true holder in due course of the original debt obligation.

Plaintiffs feel that they are entitled to be made aware of any and all assignments of the Deed of Trust and the financial instrument that was/is a part of the transaction.

Plaintiffs are seeking damages in excess of $75,000 and the opportunity to negotiate with the rightful owner of the note and mortgage.

If the note holder is not the owner of the Deed of Trust, then all sales and assignments are a nullity as referred to in U.S. Supreme Court decision *U.S. Supreme Court Carpenter v. Longan, 83 U.S. 16 Wall. 271 271 (1872)*

8

-

*Syllabus*

**1.** The assignment of a negotiable note before its maturity raises the presumption of **a want of notice of any defense to it**, and this presumption stands until it is overcome by sufficient proof.

**2.** When a mortgage given at the same time with the execution of a negotiable note and to secure payment of it is subsequently, but before the maturity of the note, transferred *bona fide* for value with the note, the holder of the note when obliged to resort to the mortgage is unaffected by any equities arising between the mortgagor and mortgagee subsequently to the transfer, and of which he, the assignee, had no notice at the time it was made. He takes the mortgage as he did the note.

Dated this 30th day of September, 2010,

_____
Adam N Eifling (Pro-Se)


_____
Angela Eifling (Pro-Se)